# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MORRISON C. ENGLAND, JR., et al.,<br><br>　　　　Defendants. | Case No.  1:16-cv-01095-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Melanie Chantell Latronica, proceeding pro se, filed this action on July 28, 2016, along with an application to proceed in forma pauperis. Plaintiff seeks relief from judgment from orders issued in cases decided by Judge Morrison C. England and Judge Richard Seeborg. For the reasons discussed below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

## I.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain

1

statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## III.

## DISCUSSION

Plaintiff states that she is removing this action from other federal courts in which the judges assigned to the cases issued orders adverse to her. Plaintiff contends that the actions were filed in the wrong districts which made it impossible for her to ultimately prevail on the merits of her claims. (Compl. 1, ECF No. 1.) Plaintiff alleges that she was given the death penalty without due process, is innocent, and is not in her body. (Id.) Plaintiff contends that she was stolen as a baby and has had 46 years of life long torture in living hell. (Id. at 2.) Plaintiff states that when she filed some of her cases the defendants did not answer; and on August 22, 2012, Judge England entered judgment without due process. (Id. at 3.) Plaintiff's complaint is largely unintelligible but she appears to seek relief under Rule 60 for opinions issued by Judge Morrison C. England and Judge Richard Seeborg alleging they are responsible for her lifelong torture issues. (Id.)

**A.    Judicial Officers Are Entitled to Absolute Judicial Immunity**

Plaintiff alleges that Judge England denied her due process by entering judgment on August 22, 2012. The Court takes judicial notice of Latronica v. State of California, No. 2:12-cv-01047-MCE-GGH PS (E.D. Cal.). In this action Judge England issued an order on August

1  22, 2012 adopting findings and recommendations which recommended dismissing the action
2  with prejudice for the plaintiff's failure to file an amended complaint in compliance with a court
3  order.  Latronica v. State of California, No. 2:12-cv-01047-MCE-GGH PS (E.D. Cal. Aug. 22,
4  2012) (ECF No. 13.)

5        Absolute judicial immunity is afforded to judges for acts performed by the judge that
6  relate to the judicial process.  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended
7  (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest
8  importance to the proper administration of justice that a judicial officer, in exercising the
9  authority vested in him, shall be free to act upon his own convictions, without apprehension of
10 personal consequences to himself.' "  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th
11 Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).  This judicial immunity
12 insulates judges from suits brought under section 1983.  Olsen, 363 F.3d at 932.

13       Absolute judicial immunity insulates the judge from actions for damages due to judicial
14 acts taken within the jurisdiction of the judge's court.  Ashelman v. Pope, 793 F.2d 1072, 1075
15 (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and
16 however injurious in its consequences it may have proved to the plaintiff.' "  Id. (quoting
17 Cleavinger v. Saxner, 474 U.S. 193 (1985)).  However a judge is not immune where he acts in
18 the clear absence of jurisdiction or for acts that are not judicial in nature.  Ashelman, 793 F.2d at
19 1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted
20 with clear lack of all subject matter jurisdiction."  Stone v. Baum, 409 F. Supp. 2d 1164, 1174
21 (D. Ariz. 2005).

22       To determine if an act is judicial in nature, the court considers whether (1) the precise act
23 is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy
24 centered around a case then pending before the judge; and (4) the events at issue arose directly
25 and immediately out of a confrontation with the judge in his or her official capacity.  Duvall v.
26 Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,
27 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999)).

28       Here, the acts for which Plaintiff seeks to hold Judge England liable meet the test for

1 judicial action taken within his jurisdiction. Judge England adopted the findings and
2 recommendations issued by the magistrate judge after Plaintiff failed to file an amended
3 complaint. This is clearly judicial conduct over which Judge England had jurisdiction and that
4 falls within Judge England's judicial capacity. Plaintiff cannot state a claim against Judge
5 England for acts taken within his jurisdiction that are judicial in nature.

### B. Rule 60

Plaintiff seeks to have this Court grant relief from orders issued by Federal Judges in cases filed in other districts or divisions of this district. Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).

Rule 60 does not provide a means by which a plaintiff may seek relief of judgment in a different court. To obtain review of the decisions issued in her prior cases, Plaintiff was required to file a motion in the specific case or seek appellate review in the case. Plaintiff cannot obtain relief under Rule 60 in this Court from orders issued in other cases.

### C. Venue

Plaintiff seeks to remove cases from the Northern District of California and the Sacramento Division of the Eastern District of California under 28 U.S.C. § 1441. Pursuant to section 1441 an action can be removed from state court to federal court if the federal court had original jurisdiction. 28 U.S.C. § 1441(a). Section 1441 does not provide a means by which a party can transfer venue in federal court.

Here, Plaintiff is alleging that venue was incorrect in actions which she filed in other districts or divisions of this district. The judges in these cases have issued decisions adverse to Plaintiff. Plaintiff cannot now file a new case challenging the venue in those closed actions. Challenges to venue are properly made under 28 U.S.C. § 1404 in the filed action. Requests for change of venue do not provide the plaintiff with an opportunity to judge shop in order to obtain

a different result in her case.

### D.     Failure to State a Claim

Plaintiff also files a memorandum in support of her complaint in which she states that she is seeking a writ of habeas corpus, writ of prohibition, and death penalty appeal because she was given the death penalty without due process in the 70's.  (Compl. 1, ECF No. 1-2.)  In her application to proceed without prepayment of fees, Plaintiff states that she is incarcerated and is being held at "Unknown HALF-LIFE Para-Sagittal Plane, Possessory Interest Pin." (ECF No. 3 at 1.)  Plaintiff alleges she has been subjected to torture nonstop since 2012 and nonstop rape since 2011.  (ECF No. 1-2 at 2.)  Plaintiff contends that Merrill Lynch is engaged in the slave trade and is selling chattels "to steal their family and or subject their children to the same diabolic cruelty and life deprivation, they've also committed murder crimes against chattels and filed income tax write offs and got new ones." (Id.)  Plaintiff contends that the "poop that come out is not [hers] and isn't the food [she] ate the day before, Gutted there's a catheter and or a device that controls whether we go potty, hair glued and glue wax and residue all over the body and skin."  (Id. at 4 (emphasis in original).)  Plaintiff states that she has been tortured in other peoples destroyed bodies.  Plaintiff alleges that "she was in her body in Contra Costa County in 2012 her body has been raped to the Grave and the person detaining her body still hasn't stopped obviously, instead subjecting her to continues control, ruin and torture, stealing and depriving her life and subjecting her to life deprivation and torture in other people's bodies."  (Id.)  Plaintiff's allegations are largely incomprehensible, are fanciful, and fail to state a cognizable claim.

### E.     Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Fed. R. Civ. P. 15(a).  Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  In this instance, the Court finds that amendment of the complaint would be futile.  Plaintiff is seeking to receive relief from judgment

in actions decided in other courts and the named defendants are entitled to judicial immunity. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

## VI.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint, filed July 28, 2016, be DISMISSED WITHOUT LEAVE TO AMEND; and the Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 2, 2016**__

UNITED STATES MAGISTRATE JUDGE